**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PASCAL GEDEON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No. 1:26-cv-01606 (UNA) |
| | ) |
| UNITED STATES OF AMERICA, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

## <u>MEMORANDUM OPINION</u>

Plaintiff, a federal prisoner proceeding *pro se*, has filed a Complaint ("Compl."), ECF No.

1, and an Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2.  Upon review,

the Court grants Plaintiff's IFP Application, and for the reasons explained below, this matter is

dismissed without prejudice.

Plaintiff sues the United States, the U.S. Attorney General, and several other federal

agencies.  *See* Compl. at 1.  He attempts to challenge the constitutionality of the statute under

which he was convicted, namely,18 U.S.C. § 2252, which governs the distribution and attempted

distribution of child pornography.  *See generally id*.  Plaintiff argues that a victim's "age is not a

factor" to be considered, and further argues that, once the pornography exists, there should be no

crime for engaging with it, because it "is already public," and "cannot be made a secret again."

*See id.* at 1–5.

Plaintiff's challenge to § 2252 is a very thinly veiled attempt to contest his conviction in

the U.S. District Court for the Eastern District of Pennsylvania, which is an improper collateral

attack.  A lawsuit is considered a collateral attack "if, in some fashion, it would overrule a previous

judgment[,]" *Stone v. HUD*, 859 F. Supp. 2d 59, 64 (D.D.C. 2012) (quoting *37 Associates, Tr. for*

the *37 Forrester St., SW Trust v. REO Const. Consultants, Inc*., 409 F. Supp. 2d 10, 14 (D.D.C. 2006)), and "questions the validity of a judgment or order in a separate proceeding that is not intended to obtain relief from the judgment[,]" *37 Associates v. REO Constr. Consults., Inc.*, 409 F. Supp. 2d 10, 14 (D.D.C. 2006) (quoting *In re Am. Basketball League, Inc*., 317 B.R. 121, 128 (2004)). And this Court is without jurisdiction to review or otherwise interfere with the existing decisions of the Eastern District of Pennsylvania, or for that matter, any other federal court. *See In re Marin*, 956 F.2d 339 (D.C. Cir. 1992); *Panko v. Rodak*, 606 F. 2d 168, 171 n.6 (7th Cir. 1979), *cert. denied*, 444 U.S. 1081 (1980); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (applying *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)), *aff'd*, No. 94-5079, 1994 WL 474995 (D.C. Cir. 1994), *cert. denied*, 513 U.S. 1150 (1995).

In other words, Plaintiff must seek the relief sought by filing, in the Eastern District of Pennsylvania, either a direct appeal or a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255. *See Taylor v. United States Board of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952) (holding that an attack on the constitutionality of the statute under which the defendant was convicted and sentenced his suit could not "be used as a substitute for appeal, nor to compel" the federal goverment "to exercise powers" outside of its purview, and noting that plaintiff's claims must be raised through 28 U.S.C. § 2255). And if Plaintiff has already sought such postconviction relief, he "may not complain that the remedies provided him by [§ 2255] [were] inadequate merely because he was unsuccessful when he invoked them." *Wilson v. Office of the Chairperson*, 892 F. Supp. 277, 280 (D.D.C. 1995); *see also Boyer v. Conaboy*, 983 F. Supp. 4, 7 (D.D.C. 1997) (holding same and noting that "federal courts have been virtually unanimous that when a prisoner

claims his § 2255 proceeding is inefficacious, '[l]ack of success in the sentencing court does not render his remedy inadequate or ineffective.'") (collecting cases) (quoting *Boyden v. United States*, 463 F.2d 229, 230 (9th Cir. 1972)).  Nor would this District be the appropriate place to raise such concerns; such is the province of the Eastern District of Pennsylvania, the Third Circuit, and thereafter, the Supreme Court.  *See* 28 U.S.C. § 2255(a).

For all these reasons, this matter is dismissed without prejudice.  An Order consistent with this Memorandum Opinion is issued separately.

Date:   June 16, 2026

*Tanya S. Chutkan*

TANYA S. CHUTKAN
United States District Judge